IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IVAN VASQUEZ,<br>*Plaintiff* | §<br>§<br>§ | |
| | § | SA-24-CV-00726-XR |
| -vs- | §<br>§ | |
| GATEWAY MORTGAGE/FIRST BANK,<br>*Defendant* | §<br>§<br>§ | |

## ORDER GRANTING MOTION TO DISMISS

On this date, the Court considered Defendant Gateway Mortgage/First Bank's motion to dismiss (ECF No. 3). Plaintiff has not filed a response and the time to do so has expired. After careful consideration, the Court **GRANTS** the motion.

### BACKGROUND

Plaintiff Ivan Vasquez filed this action on or about June 14, 2024, in the 150th Judicial District Court of Bexar County, Texas, against Defendant Gateway Mortgage/First Bank ("Gateway")[1] for claims involving the real property located at 410 Bluegrass Creek, San Antonio, Texas 78253 (the "Property"). *See* ECF No. 1-1 at 1–2.

Plaintiff purchased the Property in March 2019, with funds obtained through a loan in the original principal amount of $199,500, secured by a deed of trust ("Deed of Trust") in favor of Gateway Mortgage Group, LLC, which was later assigned to Gateway. *See* ECF No. 3-1 at 2, 21.

In December 2022, Plaintiff transferred the Property to Antonio Clasico Eduardo Tajanlangit pursuant to a General Warranty Deed, recorded on June 7, 2024, in exchange for cash and the execution and delivery of a note payable to Plaintiff in the amount of $188,000. *See* ECF No. 3-2 at 1. The Deed identifies Gateway's lien as an exception to the conveyance. *Id.* at 2.

---

[1] Gateway Mortgage is a d/b/a of Gateway First Bank.

Gateway asserts that Plaintiff defaulted on the Loan by transferring ownership of the Property without Gateway's prior written consent and by violating the due-on-sale clause of the Deed of Trust. *See* ECF No. 3 at 2. On June 10, 2024, three days after the General Warranty Deed recorded in the property records of Bexar County, a foreclosure sale was scheduled for July 2, 2024. *See* ECF No. 3-3.[2]

On June 14, 2024, Plaintiff filed suit in state court, asserting claims against Gateway for (1) fraud; (2) mail fraud under 18 U.S.C. § 1341; and (3) obstructing enforcement of 18 U.S.C. § 1581, which prohibits "peonage" or debt servitude. *See* ECF No. 1-4.[3] Plaintiff's original petition also identifies "Michael J. Schroeder" as a defendant (and purportedly an attorney working on behalf of Gateway), although Shroeder is not listed as a defendant on the state-court docket.

In his petition, Plaintiff asserts that he has "been the victim and injured on numerous offenses done by THE STATE OF TEXAS = Pre-Trail [sic] services & Bexar County Sheriff's Department ranging from abuse of power and assault and now I have a Filipino who has been here for nine months thinking he . . . is going to get a free home, by fraud with my homestead." *Id.* at 1. While Plaintiff's allegations are not entirely clear, he appears to assert that some unnamed individual—presumably Mr. Tajanlangit—entered a verbal, "handshake" agreement to purchase

---

[2] Defendant has attached as exhibits to its motion copies of the Deed of Trust and subsequent assignment, the General Warranty Deed, and the Notice of Substitute Trustee's Sale. *See* ECF Nos. 3-1, 3-2, 3-3. The Supreme Court has held that in deciding a motion to dismiss, a court may consider documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court may also consider any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Because the Deed of Trust, General Warranty Deed, and Notice of Substitute Trustee's Sale are central to the claims set forth in the petition and referenced therein, the Court may consider those documents in evaluating Defendant's motion to dismiss.

[3] Without any citation to the record, Gateway asserts that the July 2 sale was "halted" by a temporary restraining order ("TRO") issued by the state court. ECF No. 3 at 2. Neither the docket sheet attached to the Notice of Removal (ECF No 1-2) nor any subsequent supplemental filings indicated that the state court issued a TRO, however. Plaintiff did request a TRO from the state court following removal, but the proposed order attached to his motion does not appear to have been signed by a state-court judge. *See* ECF No. 5-3 at 10–12.

the Property. He also appears to allege that there was some effort to avoid paying Plaintiff's ex-wife "her share" of the sales price. *See id.* Plaintiff asserts that he had "started an Airbnb, so the home [was] paying for itself." *Id.* Thereafter, the unnamed purchaser allegedly conspired with Plaintiff's ex-wife, the tenants of the Property, Gateway, and Schroeder to "make [Plaintiff] 'look like' [he] had defaulted" and to keep renters out of the Property so that Plaintiff "would not be able to pay on time[.]" *Id.*

On June 28, 2024, Gateway removed the case to this Court on the basis of federal diversity jurisdiction. *See* ECF No. 1. Thereafter, Gateway moved to dismiss the action for failure to state a claim on which relief can be granted under Rule 12(b)(6). Plaintiff has not filed a response or amended pleading with this Court and the time to do so has expired.[4]

## DISCUSSION

### I.  Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a

---

[4] Following removal, Plaintiff filed several documents in the state court action, including a notice of hearing, an "affidavit of truth" describing his claims, an application for a temporary restraining order, a request for process, and return of service of the original petition. *See* ECF No. 5, 5-1, 5-2, 5-3, 5-4, 6, 6-1. "[O]nce the state court has notice of the removal," however, the state court loses jurisdiction over the case and "any further proceedings in the state court action are void" unless and until the case is remanded. *McAdams v. Medtronic, Inc.*, No. CIV. A. H-10-2336, 2010 WL 2710393, at *3 (S.D. Tex. July 7, 2010) (citing *Butler v. King*, 781 F.2d 486, 489 (5th Cir.1986) and *Medrano v. State of Texas*, 580 F.2d 803, 804 (5th Cir.1978)). Accordingly, the Court will not consider these filings in ruling on the motion to dismiss.

3

short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain a recovery") (internal quotation marks and citations omitted).

"Claims alleging fraud and fraudulent inducement are subject to the requirements of Rule 9(b) of the Federal Rules of Civil Procedure." *Schnurr v. Preston*, No. 5:17-CV-512-DAE, 2018 WL 8584292, at *3 (W.D. Tex., May 29, 2018). Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. VMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). "Directly put, the who, what, when, and where must be laid out." *Id.* at 178. "Facts and circumstances constituting charged fraud must be specifically demonstrated and cannot be presumed from vague allegations." *Howard v. Sun Oil Co.*, 404 F.2d 596, 601 (5th Cir. 1968). "Anything less fails to provide defendants with adequate notice of the nature and grounds of the claim." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). "Although the language of Rule 9(b) confines its requirements to claims of . . . fraud, the requirements of the rule apply to all cases where the gravamen of the claim is fraud even though

4

the theory supporting the claim is not technically termed fraud." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to the plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

**II.    Analysis**

To begin, the Court notes that Plaintiff is proceeding *pro se* in this case. When reviewing a *pro se* plaintiff's complaint, the Court must construe the allegations liberally, holding the *pro se* to less stringent pleading standards than those applicable to lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, a party's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### A.     Common Law Fraud

The elements of a fraud claim in Texas are: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the trust and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 212 (5th Cir. 2009).

As Gateway points out, the petition is largely directed at an unnamed individual—presumably Mr. Tajanlangit—who allegedly agreed to purchase the Property, only to lock Plaintiff out and prevent him from earning sufficient Airbnb income to make his mortgage payments. *See* ECF No. 3 at 2 (Gateway's characterization of the action as "quiet title litigation between Plaintiff Ivan Vasquez and the current owner of the Property Antonio Clasico Tajanlangit"); *see also* ECF No. 1-4 ("Defendant, never paid anyone as agreed, nor can Defendant prove that he paid. Showing that Defendant is truly operating under Fraud.").[5]

Plaintiff does not identify any allegedly false representations made by Gateway or its employees, let alone when or where any such representations may have occurred. Indeed, the petition does not contain any allegations against Gateway other than conclusory assertions that one of its lawyers was "[p]lotting with" the homeowner, ECF No. 1-4 at 1, and that Gateway was "double dipping after the Note was paid," *id.* at 2. In short, Plaintiff fails to allege with sufficient

---

[5] Without any citation to the record, Gateway further asserts that "[t]he amended petition which added Gateway as a defendant was not filed until June 26, 2024, with the citation issued on June 28, 2024." ECF No. 3 at 2. The Court cannot locate any evidence that Mr. Tajanlangit was ever named as a defendant in the state court action or that Plaintiff ever amended his petition to add Gateway. Indeed, the state court docket filed upon removal does not list an amended petition, *see* ECF No. 1-2 at 1, and Plaintiff appears to have named Gateway as a defendant in his original complaint on June 14, 2024, *see* ECF No. 1-4 at 1. This discrepancy in the procedural history, however, does not affect the timeliness or propriety of removal or change the nature of Plaintiff's claims, which do appear to be directed at the current owner of the Property, even if he is not named in the petition.

specificity the "who, what, when, and where" of the alleged representations. *Williams*, 112 F.3d at 177. Thus, Plaintiff has not put Gateway on fair notice of the allegations made against it. *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. 4:09-CV-1728, 2009 WL 3602043, at *3 (S.D. Tex. Oct. 27, 2009) ("Plaintiffs must put defendants on fair notice of the allegations against them; not require defendants to 'glean' the factual basis of such allegations from a list of ambiguous legal conclusions"). Accordingly, Plaintiff's claim for common law fraud must be dismissed for failing to satisfy the heightened pleading requirements of Rule 9(b).

### B. Criminal Claims

Both the claim for mail fraud and under 18 U.S.C. § 1341 and obstructing enforcement of 18 U.S.C. § 1581, which prohibits "peonage" or debt servitude must be dismissed. Both are criminal statutes and provide no private right of action. *Gill v. State of Texas*, 153 F. App'x 261, 262–63 (5th Cir. 2005) ("[A] private citizen . . . has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute") (citations omitted). These claims therefore do not and cannot state a claim upon which relief can be granted and must be dismissed.

### C. Injunctive Relief

Because Plaintiff's substantive claims fail as a matter of law, they cannot support his claim for injunctive relief. "Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action." *Cook v. Wells Fargo Bank, N.A.*, No. 3:10–CV–0592–D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (citing *Brown v. Ke–Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet.)). Accordingly, injunctive relief against Gateway is not appropriate here.

7

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (ECF No. 3) is **GRANTED**, and Plaintiff's claims against Gateway are **DISMISSED**. A final judgment will issue pursuant to Rule 58.

The Clerk is **DIRECTED** to mail a copy of this Order and the Final Judgment to Ivan Vasquez at 410 Bluegrass Creek, San Antonio, TX 78253.

It is so **ORDERED**.

**SIGNED** this 21st day of August, 2024.

                                            XAVIER RODRIGUEZ
                                            UNITED STATES DISTRICT JUDGE